THE HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

In re Ex Parte Application of
BROADCOM CORPORATION, a
Delaware corporation, and AVAGO
TECHNOLOGIES INTERNATIONAL
SALES PTE. LIMITED, a business entity
formed under the laws of Singapore,

Applicants,

for an Order Pursuant to 28 U.S.C. § 1782
Granting Leave to Obtain Discovery for
Use in Foreign Proceedings.

Case No. 2:19-cv-00966-RAJ

**REPLY DECLARATION OF WOLRAD
PRINZ ZU WALDECK UND PYRMONT
IN SUPPORT OF APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN
DISCOVERY FOR USE IN FOREIGN
PROCEEDINGS**

17        I, Wolrad Prinz zu Waldeck und Pyrmont, declare as follows:

18        1.        I am an attorney admitted to practice in Germany.  I am a partner at the

19   Düsseldorf office of the law firm Freshfields Bruckhaus Deringer ("Freshfields").  I make this

20   declaration based on my own personal knowledge and based on documents that I have reviewed.

21   If called as a witness, I could and would competently testify to the matters stated herein.

22        2.        I submit this declaration in support of Broadcom Corporation's ("Broadcom") and

23   Avago Technologies International Sales Pte. Ltd.'s ("Avago") (collectively "Applicants") reply

24

25   REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 1
692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1   in support of their Application for an order pursuant to 28 U.S.C. § 1782 Granting Leave to

2   Obtain Discovery for Use in Foreign Proceedings ("Application").  Previously, on May 28, 2019,

3   I submitted another declaration in support of the Application ("First Prinz zu Waldeck

4   Declaration"), which I incorporate herein by reference.

5   **I.      GERMAN CIVIL PROCEEDINGS GENERALLY AND THE LIMITED**

6   **OPPORTUNITIES FOR OBTAINING EVIDENCE FROM THE OPPOSITION**

7         3.      I have reviewed the Opposition to Application for an Order Pursuant to 28 U.S.C.

8   § 1782 ("Opposition") filed in the above-captioned matter on or about June 20, 2019 by

9   Respondents Nintendo of America, Inc., Nintendo Technology Development, Inc., and Nintendo

10   Software Technology Corporation (collectively, the "U.S. Nintendo Entities").  I have also

11   reviewed the Declaration of Christof Karl filed in support of the Opposition ("Karl Declaration"

12   or "Karl Decl.").  In my opinion, the Opposition seems to mischaracterize and inaccurately

13   describe both the general rules of German civil proceedings, and the specific procedures

14   applicable to the German proceedings at issue in the Application.  This is particularly true with

15   regard to the very limited procedural options under German law for obtaining documents and

16   evidence from the opposition.

17         4.      German civil law does not allow for discovery prior to trial, or any sort of

18   discovery at all comparable to the discovery available in civil litigation in the United States.

19   German civil law is characterized by the fundamental principle of the "*Beibringungsgrundsatz*"

20   (Principle of production of evidence), which generally requires that each party to the proceedings

21   produce all the necessary facts and offer all the necessary evidence on its own, and does not

22   contemplate a procedural stage where parties may request particular materials from the other

23   party.  If a party is not able to collect, on its own, all information and evidence necessary to

24

25   REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 2
692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1   prove its claims (such as if the party does not have access to the necessary information and

2   documents), that party may not be able to meet its burden of proof if allegations are contested.

3   This means that, because the plaintiff has the burden of allegation and proof, even if a claim is

4   objectively well-founded, the plaintiff can lose the case due to a lack of access to the necessary

5   information or evidence which, for example, may be in the sole possession of the defendant.

6           5.      Generally, in filing a complaint, a plaintiff in German civil proceedings will have

7   to rely on information and documents that are either in its possession, or publicly available.

8   Only in very narrow circumstances will the plaintiff have the opportunity to request certain,

9   specifically-named documents from the opposing party prior to bringing his complaint (as

10  explained in greater detail in paragraph 9 of this declaration, below).  Discovery comparable to

11  U.S. civil proceedings is not available to the plaintiff, either prior to or after filing a complaint.

12          6.      After the complaint is filed and both parties have the opportunity to comment on

13  the issues in two or three rounds of briefing, German courts then set an oral hearing.  As the Karl

14  Declaration rightfully states, "the oral hearing is generally the primary avenue for the court to

15  take evidence and hear oral argument."  Karl Decl., ¶ 8.  Thus, at the oral hearing, the parties will

16  usually learn for the first time about the court's assessment of the case.  The parties will also

17  usually learn for the first time whether the court even deems it necessary to take evidence.  If so,

18  the court will issue an order to take evidence after the oral hearing.  This may include, for

19  example, an order requiring the parties to produce documents, though the German court's ability

20  to order the production of documents is very limited (as explained in more detail in paragraph 9

21  of this declaration).  Parties in German civil proceedings do not have the option to take evidence

22  themselves, such as by deposing witnesses of the other party, even if particular witness testimony

23  is "offered" to the court by the other party.

24

25  REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
    UND PYRMONT IN SUPPORT OF APPLICATION
    FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
    GRANTING LEAVE TO OBTAIN DISCOVERY FOR
    USE IN FOREIGN PROCEEDINGS
    Case No. 2:19-cv-00966-RAJ - 3
    692\3297890.1

    LAW OFFICES
    **CALFO EAKES & OSTROVSKY PLLC**
    1301 SECOND AVENUE, SUITE 2800
    SEATTLE, WASHINGTON 98101
    TEL (206) 407-2200   FAX (206) 407-2224

7.      This general structure of German civil proceedings is exemplified by the course of the four German patent infringement cases brought by Applicants against Nintendo of Europe GmbH ("Nintendo Europe") described in my original declaration (referred to as "the German Infringement Actions"), filed in support of the Application.[1]  *See* First Prinz zu Waldeck Decl., ¶ 13.  Applicants brought the complaints in the four German Infringement Actions based on publicly-available information and documents.  Because Applicants believe that this information and these documents are sufficient to prove that all the required elements of the asserted patent claims are present in the accused products, there was no basis for requesting the production of information and evidence (per section 140c PatG, for example).  A discussion of one of the cases may be helpful to understand how German procedure works in practice.  In presenting their infringement theory in the case involving infringement of EP' 339, for example, Applicants relied on a decision called "*shunting trolley*" by the Federal Supreme Court of Germany, which held that a device claim of a patent is infringed by any device that "*is objectively suited to achieve the patent's features and effects*" (Judgement of the Federal Supreme Court of December 13, 2005, X ZR 14/02, GRUR 2006, 399 – "*shunting trolley*").  There was no subsequently published case law in Germany addressing the question of whether the *shunting trolley* decision extended to hardware devices that, because of their use of software, are suited to achieve the patent's features and effects.  In various briefs submitted over the course of the German Infringement Proceedings in 2018 and the first half of 2019, Applicants included legal arguments and factual allegations derived from analysis of the accused product, discussions with technical

[1] The German Infringement Actions were brought for infringing the EP '385 Patent on March 14, 2018 (Avago Technologies International Sales Pte. Limited v. Nintendo of Europe GmbH., No 2 O 32/18); for infringing the EP '910 Patent on March 16, 2018 (Avago Technologies International Sales Pte. Limited v. Nintendo of Europe GmbH., No 2 O 35/18); for infringing the EP '531 Patent on May 25, 2018 (Broadcom Corporation v. Nintendo of Europe GmbH., No 7 O 62/18); and for infringing the EP '339 Patent on June 13, 2018 (Avago Technologies International Sales Pte. Limited v. Nintendo of Europe GmbH., No 2 O 83/18).

REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 4
692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1    experts, and scientific literature regarding the availability and usability of the patented features in

2    the accused Nintendo Switch product.

3          8.       In the oral hearings that took place between February 12, 2019 and June 25, 2019

4    (*see also* Karl Decl. ¶¶ 22, 32, 42), the German court took the position that, despite the "*shunting*

5    *trolley*" decision, in devices where the accused embodiment is a hardware component that uses

6    software running on it to carry out its functions, the objective suitability of the accused

7    embodiment to achieve the patent's features is not always sufficient.  Rather, depending on the

8    claim's wording, Applicants may be required to show actual usage of the patented features.

9    Thus, Applicants only learned between February 12, 2019 and June 25, 2019 that they would be

10   required to submit further statements or documents showing the actual use of certain

11   functionalities by Nintendo Europe, which Applicants had so far only demonstrated were usable.

12   Shortly after the issuance of these decisions, Applicants initiated the process of filing this

13   Application in order to get access to documents showing whether the accused embodiment

14   actually makes use of the accused functionalities.

15         9.       German civil law offers very limited exceptions to the general principle of the

16   "*Beibringungsgrundsatz*" for obtaining specifically identified documents or other information

17   from the opposing party in civil proceedings:

18         •    According to Section 142(1) of the German Code of Civil Procedure (ZPO), *"the*

19              *court may direct one of the parties or a third party to produce records or*

20              *documents, as well as any other material, that are in its possession and to which*

21              *one of the parties has made reference,"* but only if the applicant can **specifically**

22              **name and identify** the respective written document (Judgement of the German

23              Federal Supreme Court of March 16, 2017 – I ZR 205/15, NJW 2017, 3304,

24

25   REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
     UND PYRMONT IN SUPPORT OF APPLICATION
     FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
     GRANTING LEAVE TO OBTAIN DISCOVERY FOR
     USE IN FOREIGN PROCEEDINGS
     Case No. 2:19-cv-00966-RAJ - 5
     692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

3306).  Where the applicant is seeking yet unidentified documents relating to specific and narrowly described functionalities or capabilities of a technical device, Section 142(1) ZPO does not allow the court to order the production of those documents.

- According to Section 140c(1) of the German Patent Act (PatG):

    "*any person who with sufficient likelihood uses a patented invention contrary to sections 9 to 13 may be sued by the right holder or by another entitled person for production of a document or inspection of an item which lies in his control or of a process which is the subject-matter of the patent if this is necessary for the purpose of establishing the claims of the right holder or another entitled person.*"

    Again such measures are only available, if the applicant can **specifically name and identify** the respective written document to be produced or the item to be inspected (Judgement of the German Federal Supreme Court of November 12, 2003 – I ZR 187/01, GRUR 2004, 420, 421).  Where the applicant is seeking yet unidentified documents or items relating to specific and narrowly described functionalities or capabilities of a technical device, Section 140c(1) PatG will not allow the court to order the production of those documents, or the inspection of such items.

- Section 423 ZPO requests that in civil litigation, a party produce records or documents

    "*to which he has referred in the proceedings way of tendering evidence, even where he did so only in a preparatory written pleading.*"

REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 6
692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

But, as with the above-described sections, Section 423 ZPO only allows the production of documents that the opponent has **explicitly and specifically named and identified** in its briefs.  Where the applicant is seeking yet unidentified documents relating to specific and narrowly described functionalities or capabilities of a technical device, Section 423 ZPO will not allow the court to order the production of documents.

10.     German civil law does not require a party to request the production of documents prior to or at the start of the proceedings.  Because the requesting party is required to specifically name and identify the requested documents (as described above), it often cannot request documents until later in the case.  It is not uncommon for a party to request document production shortly before the oral hearing, in the oral hearing itself, or even in post-trial briefs.

11.     Generally speaking, under German civil law, it is very difficult to assert these already limited options for requesting documents and information against foreign entities that are not a party to the proceedings.  German courts do not have the power to force a foreign resident to appear before a German court to testify, nor do they have the power to force foreign entities not operating in Germany to follow the orders of a German court.  German courts are dependent on international legal assistance to execute a court order requesting document production in the narrow cases where such document production is even possible under German procedural law.

12.     In German civil law, parties are generally allowed to submit documents in all stages of first instance proceedings, or even in appeal proceedings.  Sections 296(2) and 282 ZPO only require that the parties submit the facts supporting their arguments in a diligent manner, and only exclude those documents submitted at a late stage, as a result of gross

REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 7
692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1   negligence, that would cause a delay of the proceedings.  As explained in paragraph 5 of the Karl

2   Declaration, Section 296(2) ZPO states that:

3       "*the court may refuse to admit any means of challenge or defense that, in contravention*

4       *of the stipulations made in section 282 (1), are not submitted in due time or that, in*

5       *contravention of the stipulations of section 282 (2), are not communicated in due time, if*

6       *it finds at its discretion and conviction that admitting them to the proceedings would*

7       *delay the process of dealing with and terminating the legal dispute, and that the delay is*

8       *the result of gross negligence.*"

9   So in order to reject the admission of documents or information—even at the appellate stage—

10   the German court must find that: (a) the admission results in a delay of proceedings, and (b) the

11   delay is caused by *gross negligence*.

12       13.     Notably, under German law, any statements, facts, and documents whose contents

13   will not be disputed are always admissible at any stage of the proceedings, as they would not

14   cause a delay (Judgement of the German Federal Supreme Court, November 18, 2004 - IX ZR

15   229/03, NJW 2005, 291).

16       14.     In addition, a party in a German proceeding does not act negligently where it

17   submits evidence at a later stage of the proceeding if it was not able to submit that evidence

18   earlier.  The German Federal Supreme Court has also clarified that diligence **does not** include

19   the obligation to identify, determine, and investigate factual circumstances that are not known to

20   the party (Judgement of the German Federal Supreme Court of October 15, 2002 - X ZR 69/01,

21   NJW 2003, 200; Judgement of the German Federal Supreme Court of November 6, 2008 - III ZR

22   231/07, NJW-RR 2009, 329).  As an example, the German Federal Supreme Court decided that a

23   party did not act negligently if it did not search and examine comprehensive criminal prosecution

24

25   REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
     UND PYRMONT IN SUPPORT OF APPLICATION
     FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
     GRANTING LEAVE TO OBTAIN DISCOVERY FOR
     USE IN FOREIGN PROCEEDINGS
     Case No. 2:19-cv-00966-RAJ - 8
     692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

files to identify further documents that could help its position in civil proceedings, even if these criminal prosecution files were already accessible to the party (Judgement of the German Federal Supreme Court of November 6, 2008 - III ZR 231/07, NJW-RR 2009, 329).  Thus, under German law, a party that initially does not have certain documents in its possession, but submits them into the proceedings in a timely manner once it obtains possession of them (e.g., through foreign discovery proceedings) does not act negligently, let alone "grossly" negligently.

15.     Further, in a second instance proceeding (i.e., an appeal proceeding), a party is allowed to submit evidence that was not before the court of first instance, so long as this is not due to the negligence of the submitting party.  As noted in paragraph 9 of the Karl Declaration, Sec. 513(2) ZPO states that:

> "*new means of challenge or defense are to be admitted only if they [...]  3. Were not asserted in the proceedings before the court of first instance, without this being due to the negligence of the party*."

16.     In this regard, the German Federal Supreme Court has held that a party does not act negligently if it was not aware of the relevance of a piece of evidence in its possession and therefore did not introduce it into the proceedings, even if it would have been able to introduce it in the first instance had it understood the evidence's relevance (Judgement of the German Federal Supreme Court of 8 October 2005 - VI ZR 270/04, NJW 2006, 152, 154).  It therefore goes without saying that a party does not act negligently by not submitting documents that it did not even possess and could not obtain (Munich commentary on the ZPO, 5th edition 2016, § 531 Recital 27).

17.     Overall, the parties to German civil law proceedings can only offer evidence, request the court to order the production of documents under the narrow circumstances described

REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 9
692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1   above, or request that the court take evidence.  The court, and only the court, will determine

2   whether it is necessary to take evidence in order to decide the case.  The court will make this

3   decision after assessing whether the plaintiff is able to sufficiently substantiate its allegations and

4   offer evidence for it.  If the plaintiff is not able to substantiate its statements, or to make the

5   necessary allegations to contest the defendant's relevant statements, the court will dismiss the

6   case.  It will do so without taking evidence and exploring the true facts of the dispute, as German

7   courts are not allowed to investigate facts on their own initiative.

8           18.     Where the defendant in German civil proceedings disputes the plaintiff's

9   allegations with substantial statements, the burden of presentation and proof once again shifts to

10  the plaintiff.  The plaintiff is then obligated to further substantiate its allegations and rebut the

11  statements by the defendant.  Only if the plaintiff is able to do so would the court come to the

12  conclusion that a taking of evidence is necessary.  However, where the defendant's disputing

13  statements are based on purely internal information, such as the confidential source code of its

14  driver software, the plaintiff would likely not be able to rebut such statements for lack of

15  knowledge of the actual circumstances.

16          19.     This is exemplified by the situation that the Karl Declaration refers to in

17  paragraph 42.  The German court indeed indicated to Applicants that the situation could arise

18  where it would (have to) take evidence via expert opinion in the infringement proceedings

19  relating to the EP '385 Patent.  However, the court explicitly stated that this taking of evidence

20  would only be possible if Applicants could represent to the court that the Nintendo Switch

21  actually has the necessary drivers and software code in operation (which Nintendo Europe stated

22  was not the case).  Applicants were not able to do so because they did not, and still do not, have

23  access to the proprietary software used by the Nintendo Switch.  The discovery sought here by

24

25  REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
    UND PYRMONT IN SUPPORT OF APPLICATION
    FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
    GRANTING LEAVE TO OBTAIN DISCOVERY FOR
    USE IN FOREIGN PROCEEDINGS
    Case No. 2:19-cv-00966-RAJ - 10
    692\3297890.1

                                                    LAW OFFICES
                                        CALFO EAKES & OSTROVSKY PLLC
                                          1301 SECOND AVENUE, SUITE 2800
                                             SEATTLE, WASHINGTON 98101
                                        TEL (206) 407-2200   FAX (206) 407-2224

1   the Application is aimed, in part, at obtaining the information and evidence to substantiate

2   Applicants' allegations of infringement in the German proceedings, i.e. to enable Applicants to

3   make the factual statements necessary for the German court to take evidence.

4   **II. STATUS OF THE GERMAN PROCEEDINGS**

5         20.     As explained in the First Prinz zu Waldeck Declaration, Applicants have filed

6   four patent-infringement proceedings against Nintendo Europe in the Regional Court of

7   Mannheim in Germany ("German Infringement Actions") for violation of the following four

8   patents-in-suit: EP 1,365,385 ("EP '385 Patent"); EP 1,260,910; ("EP '910  Patent"); EP

9   1,385,339 ("EP '339 Patent"); and EP 1,177,531 ("EP '531 Patent").

10         21.     None of the four German Infringement Actions have been decided in a final, non-

11   appealable decision.  None of these cases have been terminated.  In fact, three of the four

12   infringement actions are still pending in the first instance before the Regional Court of

13   Mannheim.  In the fourth infringement action, the first-instance judgement by the Regional Court

14   of Mannheim can be appealed before the Higher Regional Court of Karlsruhe, and Applicants

15   plan to appeal.

16        &bull;   The infringement proceedings on the EP '531 Patent are still pending in the first

17           instance.  The Regional Court of Mannheim stayed the infringement proceedings

18           on March 29, 2019 in light of a parallel nullity complaint brought by Nintendo

19           Europe, which is largely based on Nvidia's RIVA TNT graphics accelerator chip

20           (the "RIVA TNT Chip").  Once the nullity proceedings are completed in the first

21           instance and the Federal Patent Court of Germany has decided on the validity of

22           the patent, the Regional Court of Mannheim will resume the infringement

23           proceedings.  The infringement proceedings could also be resumed at an earlier

24

25   REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
    UND PYRMONT IN SUPPORT OF APPLICATION
    FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
    GRANTING LEAVE TO OBTAIN DISCOVERY FOR
    USE IN FOREIGN PROCEEDINGS
    Case No. 2:19-cv-00966-RAJ - 11
    692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1    point in time if Broadcom's appeal against the order to stay (which was filed on

2    April 19, 2019, with the reasons for the appeal filed on May 17, 2019) is

3    successful.  The court requested that Nintendo Europe submit its response to

4    Applicants' reasons for the appeal on July 9, 2019.

5    • Likewise, the infringement proceedings on the EP '385 Patent are still pending in

6    the first instance before the Regional Court of Mannheim.  The court has not

7    narrowed down the proceedings in any way.  Rather, the court invited Avago in

8    the oral hearing to further elaborate how the blending functionality at issue in the

9    accused Nintendo Switch could be used by a programmer.  The court determined

10    that this would be helpful to properly assess whether the accused device directly

11    or indirectly infringes the asserted patent.  Avago has done so within its brief

12    filed on June 12, 2015.  I expect that the court will next request that Nintendo

13    respond to these statements.  A second hearing is not expected before late 2019

14    or early 2020.

15    • The infringement proceedings on the EP '910 Patent are still pending in the first

16    instance before the Regional Court of Mannheim.  In the oral hearing of June 25,

17    2019 the court urged the parties to consensually agree to a stay of the

18    proceedings in light of the parallel nullity complaint brought by Nintendo.  Once

19    the Federal Patent Court of Germany has decided on the validity of the patent in

20    the parallel nullity proceedings, the Regional Court of Mannheim will resume the

21    infringement proceedings and issue a decision.

22    • In the infringement proceedings on the EP '399 Patent, the Regional Court of

23    Mannheim issued its first instance decision on July 6, 2019, dismissing the

24

REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 12
692\3297890.1

1    complaint.  The judgement can be appealed to the Higher Regional Court of

2    Karlsruhe until July 17, 2019, and Avago plans to file a timely appeal.  This

3    would initiate full appeal proceedings under German law with the above-

4    described opportunities to introduce new evidence.

5    22.    In none of the four nullity proceedings brought by Nintendo Europe or its supplier

6    Nvidia (collectively the "German Nullity Actions") (*see* First Prinz zu Waldeck Decl., ¶ 14)[1]

7    have the German courts issued a decision, much less a final, non-appealable decision.  In fact, all

8    four proceedings are still pending in the first instance.  The Federal Patent Court has not held an

9    oral hearing in any of these proceedings yet, and has only scheduled the oral hearing in one of

10   the proceedings (set for December 8, 2020).

11   **III. REQUESTED DOCUMENTS ARE FOR USE IN GERMAN PROCEEDINGS**

12   23.    There is no categorical bar to the admission of newly acquired evidence in any of

13   the German Infringement Actions, or the German Nullity Actions.  I am not aware of any

14   German court decision that has excluded evidence obtained through foreign discovery

15   proceedings in similar circumstances.  I have been involved in numerous 28 U.S.C. § 1782

16   discovery proceedings, including proceedings where the evidence was obtained while the

17   German proceedings had progressed considerably, similar to the present circumstances.  In some

18   cases, evidence from 28 U.S.C. 1782 discovery proceedings or from discovery in parallel U.S.

19   litigation had become available only during appeal proceedings.  In none of these proceedings

20

---

21   [1] For the EP '385 Patent, Nintendo brought a nullity action on July 9, 2018, which Nvidia joined on February 6,
2019 as a second plaintiff, Nintendo of Europe GmbH v. Avago Technologies International Sales Pte. Limited, 4 Ni

22   20/19 (EP) joined with 4 Ni 27/19 (EP). For the EP '910 Patent, Nintendo brought a nullity action on July 6, 2018,
which Nvidia also joined on February 6, 2019 as a second plaintiff, Nintendo of Europe GmbH v.  Avago

23   Technologies International Sales Pte. Limited, No 6 Ni 35/18. For the EP '531 Patent,  Nvidia brought a nullity
action on August 6, 2018, Nvidia Ltd v. Broadcom Corp, No 7 Ni 28/19  (EP) joined with 7 Ni 35/19 (EP), and for

24   the EP '339 Patent, Nvidia brought a nullity action on October 18, 2018, Nvidia Ltd v. Avago Technologies
International Sales Pte. Limited, No 7 Ni 39/19 (EP).

25   REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 13
692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1    did the German court reject the evidence as inadmissible, and in the vast majority of proceedings

2    the opposing party did not even challenge the admissibility.

3         24.    Mr. Karl does not appear to state differently.  Rather, the Karl Declaration

4    correctly acknowledges that documents can be submitted in German first instance civil

5    proceedings at a later stage, so long as any delay caused by such submission would not constitute

6    "gross negligence" according to Sec. 296(1) ZPO.  *See* Karl Decl., ¶ 5.  The Karl Declaration

7    also correctly acknowledges that, in German civil appeal proceedings, documents can be

8    submitted, even if they were not submitted in the first instance, without this being the result of

9    negligence according to Sec. 531(2) ZPO.  *See* Karl Decl., ¶ 9.  The U.S. Nintendo Entities

10   rightly do not assert that Applicants were grossly negligent, or even negligent.

11        25.    However, in the Opposition, Respondents draw an incorrect conclusion based on

12   the above-cited statutory provisions, suggesting that documents obtained through the discovery

13   requested by the Application would be considered belated and inadmissible in the German

14   Infringement Actions.

15        26.    In my assessment, and based on my experience in earlier German infringement

16   proceedings and my years of practice as a German attorney, it is very unlikely that evidence

17   collected here would not be admitted by the German courts in any of the pending proceedings.

18   To the contrary, it is my assessment that evidence obtained through the discovery requested in

19   the Application would very likely be found admissible in all German Infringement Actions and

20   all German Nullity Actions based on the legal principles described above.  *See* paragraphs 13-14,

21   above.

22        27.    I am not aware of any decision requiring parties litigating in Germany to seek

23   discovery through 28 U.S.C. § 1782 (or any other foreign discovery procedures) in order to be

24

25   REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
     UND PYRMONT IN SUPPORT OF APPLICATION
     FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
     GRANTING LEAVE TO OBTAIN DISCOVERY FOR
     USE IN FOREIGN PROCEEDINGS
     Case No. 2:19-cv-00966-RAJ - 14
     692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

found diligent by the German courts.  To the contrary, the Regional Court of Munich recently

decided that a party was not required to seek § 1782 discovery in order to fulfil its burden of

presentation (Judgement of the December 20, 2018 - 7 O 10495/17; BeckRS 2018, 33489):

*"A party cannot, in any case, be required to conduct a US discovery proceeding in order to meet*

*its burden of presentation."*

From this it follows that a party would certainly not have acted negligently if it went beyond its

obligations to gather evidence and actually carried out 28 U.S.C. § 1782 discovery proceedings

in the course of the German proceedings to obtain further evidence for timely submission in the

German court.

28.      In any event, Applicants acted diligently by seeking 28 U.S.C. § 1782 discovery

at this stage of the proceedings.  According to the general structure of German civil proceedings

(*see* paragraphs 6-9 of this declaration), it only became apparent following new factual

statements made by Nintendo Europe and following the oral hearings where the court presented

its claim construction and legal assessment for the first time, that the information sought by the

requested discovery would be potentially very important in the German Infringement Actions.

Applicants diligently prepared the present Application once they became aware of these facts.

For example:

- Only after the stay of the case regarding the EP '531 Patent on March 29, 2019
  did it become clear that the Regional Court of Mannheim would consider
  Nintendo's limited and superficial marketing material regarding the RIVA TNT
  Chip sufficient to order a stay of the infringement action.  Not until that point did
  it become clear that further material regarding the true functionality and

REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 15
692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

publically-disclosed details of the RIVA TNT Chip would be helpful in assessing the validity of the EP '531 Patent.

- Only after the oral hearing on February 12, 2019 in the case regarding the EP '385 Patent did it become clear that the court might consider it necessary to show the usability of the accused blending function by third-party programmers, or the usage of such blending functions by the Nintendo Switch software.

- Only after the oral hearing on March 26 2019 in the case on the EP '339 Patent did it became clear that the court might adopt a claim construction which would require the usage of the second electrical path containing a color look up table.

- In its final reply filed on January 18, 2019 in the EP '910, Nintendo for the first time explained in detail how and why the PCIe Lanes in question were allegedly grounded, and the TSM0 controller allegedly deactivated. See also Karl Decl., ¶ 41. However, only after the oral hearing in the parallel EP '385 case, it became clear that the court might consider a claim interpretation that would require the actual operation of the respective circuits.

29.    Applicants properly made use of the limited options under German procedure to request and obtain further documents from the opposing side, and did do so on time.  By no means did Applicants forego any options to obtain further documents in the German proceedings or refuse to make use of procedural options to obtain further documents to prove their allegations.  For example:

- In the case on the EP '531 Patent, Applicants had no German procedural option to request and obtain further material regarding the true functionality and the true disclosure of the RIVA TNT Chip—which is now more than twenty years old—

REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 16
692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1    from Nintendo Europe, or any other third party.  Because Applicants could not

2    identify and name any specific documents on this topic and because Nintendo

3    Europe never referred to such a document, Applicants were not able to gain

4    access to any further documents under the procedures described above.  A

5    request, for instance, for all documents and information showing the texture

6    processing capabilities of the RIVA TNT Chip is not available under German

7    civil law.

8    • In the case on the EP '385 Patent, Nintendo for the first time stated in its

9      rejoinder brief of January 24, 2019 that the accused blending mechanism,

10     including the blending function SRC_OVER, was "not present in the accused

11     embodiment."  Karl Decl., ¶ 41.  In Applicants' reply brief of July 12, 2019,

12     Applicants referred to an older, publicly available version of the Nintendo

13     software development kit to rebut this statement and to substantiate that the

14     SRC_OVER function could be used by any third-party programmer on the

15     Nintendo Switch.  Because Nintendo disputed the informative value of that

16     version of the Nintendo software development kit in parallel proceedings,

17     Applicants requested that Nintendo produce the current version of the Nintendo

18     Software Development Kit and the portion of the source code of its system

19     software that would exclude the blending function SRC_OVER, as well as the

20     separate superimposition of a previously created whole graphic over a video

21     layer.  As the parties had specifically identified and referred to these documents

22     by name, Applicants were able to—and already have—requested that the court

23     order their production if they might help the court decide the case after the next

24

25   REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
     UND PYRMONT IN SUPPORT OF APPLICATION
     FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
     GRANTING LEAVE TO OBTAIN DISCOVERY FOR
     USE IN FOREIGN PROCEEDINGS
     Case No. 2:19-cv-00966-RAJ - 17
     692\3297890.1

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1   oral hearing.  As Applicants could not identify and name further specific

2   documents showing the usability for third party programmers and the usage of

3   the accused blending functionalities in Nintendo software, and as Nintendo never

4   referred to such a document, Applicants were not able to gain access to any

5   further documents under the German procedural options described above.  Any

6   request, for instance, for all documents showing the usability by third party

7   programmers and the usage of the accused blending functionalities would not

8   have been permitted under German civil law.  Contrary to Mr. Karl's statement

9   (*see* Karl Decl., ¶ 42), Applicants also did not refuse to take evidence on the true

10  functionality of the Nintendo Switch, and the availability and usability of the

11  accused blending functions.  Rather, in the oral hearing of February 12, 2019, the

12  court indicated that Applicants could take evidence via expert opinion.  However,

13  the court stated that the taking of evidence would only be possible if Applicants

14  could state that the Nintendo Switch actually has the necessary drivers and

15  software code in operation (which Nintendo stated was not the case).  As

16  Applicants did not have access to the proprietary and encrypted software, they

17  lacked the information necessary to do so.  *See also* paragraphs 17-18 of this

18  declaration.

19  • In the case regarding the EP '339 Patent, Applicants had no procedural option to

20  request and obtain from Nintendo Europe further material regarding usage of a

21  second electrical path that would contain a color look up table for a hardware

22  cursor.  Because Applicants could not identify and name a specific document,

23  and because Nintendo never referred to such a document, but merely repeated its

24

25  REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 18
692\3297890.1

1   vague and unsubstantiated statements that such second path was not present and

2   not used, Applicants were not able to gain access to any further documents under

3   the German procedural options described above.  Any request for all documents

4   and information showing the usage of the second electrical path and the color

5   look up table for a hardware cursor would not have been permitted under German

6   civil law.

7   • In the case regarding the EP '910 Patent, Applicants had no procedural option to

8     request and obtain from Nintendo Europe further material regarding usage of the

9     AFI, the TSM0 controller and the PCIe Lanes in question. Because Applicants

10    could not identify and name a specific document, and because Nintendo never

11    referred to any such document, and when using graphical depiction of details of

12    the AFI did not state where the depiction was taken from, Applicants were not

13    able to gain access to any further documents under the German procedural

14    options described above.  Any request for all documents and information

15    showing the usage of the AFI, the TSM0 and the PCIe Lanes would not have

16    been permitted under German civil law.

17   30.   The discovery requested by the Application is directly relevant to the German

18  Infringement Actions and/or the German Nullity Actions.  For example:

19   • The discovery requests regarding the RIVA TNT Chip (e.g., RFP Nos. 16-19

20    and Deposition Topics 4, 5, 13, 14) are relevant to the infringement and nullity

21    actions concerning the EP '531 Patent, in which Nintendo Europe and Nvidia

22    have argued that the RIVA TNT Chip constitutes invalidating prior art.

23   • The discovery requests regarding the availability, usability, steps necessary to

24

25  REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 19
692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1    make use, or the actual usage of the accused blending functionalities (e.g., RFP

2    Nos. 1-3, 6-10, and 12-15 and Deposition Topics 1, 2, 4, 6-10, 14) are relevant

3    to the infringement action concerning the EP '385 Patent.

4    • The discovery requests are also relevant to issues in the infringement case

5    regarding the EP 910 Patent (RFP Nos. 6-11, 13-15 and Deposition Topics 1, 4,

6    6, 7, 11, 14).  The requests seek information on, for example, the availability,

7    usability and configuration of the PCIe Controller (TSM0) and the AFI.

8    • Respondents also make statements that are highly misleading regarding the

9    court's comments in regard to certain evidence of the so-called "hardware

10   cursor" in the infringement case regarding the EP '339 Patent.  The Regional

11   Court of Mannheim in its judgement stated that "the fact that and to which

12   extent the Defendant did not establish how the use of the hardware cursor is

13   stopped or prevented, is irrelevant as the patent infringement requires a positive

14   use, thus an addressing of the hardware cursor, which the Plaintiff did not

15   allege."  *See* Karl Decl. ¶ 28, Ex. A at p. 26.  This is a point of claim

16   construction.  The court thus adopted a claim construction that would have

17   required Applicants to substantiate and show the "positive use, thus an

18   addressing of a hardware cursor" in the attacked embodiment.  Since

19   Applicants could not do so without information (in Nintendo's possession)

20   about internal processes in the accused embodiment, and thus could only refer

21   to the availability and usability of the hardware cursor by third-party

22   programmers, the court dismissed based on the first threshold question.  It

23   obviously did not have to deal with the further questions disputed in the

24

25   REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
     UND PYRMONT IN SUPPORT OF APPLICATION
     FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
     GRANTING LEAVE TO OBTAIN DISCOVERY FOR
     USE IN FOREIGN PROCEEDINGS
     Case No. 2:19-cv-00966-RAJ - 20
     692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1    proceedings, including the question of whether Nintendo actively stopped or

2    prevented the usability of the hardware cursor by third parties.  Nevertheless,

3    because the first-instance decision in the proceedings on the EP '339 Patent is

4    appealable and Applicants plan to appeal, the question of claim construction

5    will be fully reviewed by the Higher Regional Court of Karlsruhe.  Thus,

6    evidence showing whether and how the hardware cursor is stopped or prevented

7    in the attacked embodiment will be relevant.  In addition, and this is conceded

8    by Respondents, , (Karl Decl., ¶ 28), every discovery and other piece of

9    evidence that can show the actual positive usage of the hardware cursor in the

10   accused embodiment will be sufficient to support the infringement allegation

11   and would be usable even if the appellate court adopts the same narrow claim

12   construction as the Regional Court of Mannheim.  Thus, any claim that the

13   requested discovery (including RFP Nos. 1-10, 13 -15 and Deposition Topics 1-

14   4, 6, 7, 12, 14) would not be useful for the proceedings on the EP '339 Patent is

15   simply not true.

16

17   **IV.    REQUESTED DISCOVERY WOULD NOT CIRCUMVENT GERMAN PROOF-GATHERING RESTRICTIONS**

18          31.     While the German Court cannot itself order discovery comparable to that

19   permitted in the United States, it will nevertheless be receptive to evidence obtained through 28

20   U.S.C. § 1782 proceedings.  Under German law, any documents obtained through the

21   Application pursuant to 28 U.S.C. § 1782 can be formally introduced into the German

22   Infringement Proceedings or the German Nullity Proceedings by offer of proof.  The German

23   Court would—without prejudice to its consideration of the particular document introduced

24

25   REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
     UND PYRMONT IN SUPPORT OF APPLICATION
     FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
     GRANTING LEAVE TO OBTAIN DISCOVERY FOR
     USE IN FOREIGN PROCEEDINGS
     Case No. 2:19-cv-00966-RAJ - 21
     692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1   according to general German rules regarding the admissibility of evidence—accept such offer of

2   such proof.  I have personally submitted evidence obtained through U.S. discovery proceedings

3   in numerous German patent infringement proceedings.  Without exception, the courts had no

4   reservations whatsoever about accepting and considering the evidence.  In fact, this was so clear

5   to all parties that no objections were raised at all.

6          32.     While German civil law provides limited, narrow options for requesting document

7   production in German civil proceedings (*see* paragraph 9 of this declaration)*,* the German courts

8   do not oppose the use of broader discovery mechanisms in other jurisdictions, or the use of

9   evidence obtained through such means, in German proceedings.  Rightly, Mr. Karl does not

10  suggest otherwise, or point to anything to the contrary.

11         33.     As shown, Applicants have diligently sought document production under German

12  civil law where possible.  *See* paragraph 29 of this declaration.  Applicants only made "narrow

13  requests for document production" in Germany (*see* Opposition, p. 12) because German law only

14  allows for narrow requests; document requests similar in breadth to those propounded in the U.S.

15  would have been inadmissible.

16         34.     The Application is not an attempt to overrule German civil law rules on discovery

17  and, based on my knowledge and years of experience as a lawyer in Germany, I do not believe

18  that the German courts will interpret it as such.  Rather, this Application is an additional means

19  to obtain documents and information that complements the more limited options offered by

20  German civil law.  German courts routinely accept evidence collected via mechanisms other than

21  German civil procedure rules, including through Section 1782 proceedings and other tools for

22  foreign discovery.

23  **V.      CONFIDENTIALITY OF DOCUMENTS SUBMITTED IN GERMAN**
        **PROCEEDINGS**

24

25  REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
    UND PYRMONT IN SUPPORT OF APPLICATION
    FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
    GRANTING LEAVE TO OBTAIN DISCOVERY FOR
    USE IN FOREIGN PROCEEDINGS
    Case No. 2:19-cv-00966-RAJ - 22
    692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

35.     I understand that it is standard practice in United States courts to require the production of evidence despite claims of trade secret protection and rights of confidentiality in the evidence produced.  The confidentiality of the documents and information sought by the requested discovery can be, and is, when necessary, adequately protected in the German patent infringement proceedings.  Mr. Karl does not identify any occasion in which sensitive or confidential information submitted in infringement proceedings under request of confidentiality was released to third parties, or explain why in this case it would not be possible to maintain information in confidence, as it is in other cases.

36.     I have personally obtained evidence, including highly sensitive license agreements, through 28 U.S.C. § 1782 applications for use in German patent infringement proceedings numerous times.  In all of these proceedings, the U.S. courts concluded that confidentiality measures under German civil law would be sufficient and would not prevent granting discovery pursuant to 28 U.S.C. § 1782.

37.     German statutory law has strict rules regarding the protection of confidential information in court proceedings, which safeguard the secret information from public disclosure.  In addition, while a German court would not be bound by a protective order issued by a U.S. court in the context of an order pursuant to 28 U.S.C. § 1782, the Applicants of course would be bound.

38.     Regarding oral hearings in German civil proceedings, the parties can move for the exclusion of the public from those parts of the hearing in which confidential information is discussed, and may also request in parallel confidentiality protections in the announcement of the grounds for the judgment according to Sections 172 and 173 of the German Courts Constitution Act ("GVG").

REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 23
692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

39.     In addition, the files of German civil court proceedings are generally not open to the public and court decisions will only be published in an anonymized form.  This already prevents to a certain extent confidential information from being made publicly available.

40.     With regard to the possibility of third parties inspecting court files of German civil proceedings, a third party must apply for such inspection of files pursuant to Section 299(2) ZPO and demonstrate that it has a legitimate "legal interest" in the inspection.  *See also* Karl Decl., ¶ 12.  This requires that the outcome of the proceedings have at least an indirect legal impact on the rights of said third party; a general interest in the subject is not sufficient.  Even if the inspection is granted, there is the possibility that certain passages may be blacked out or documents completely excluded in the case of special party interests.  The parties can highlight the confidential sections in their submissions and in any confidential exhibits, and ask the court to exempt these sections and/or exhibits from any inspection of the files according to Sec. 299(2) ZPO.  Such requests may be included in the submission when filing the confidential statements/exhibits, or may be added later when the parties are asked to comment on a third party's request to inspect the files.  Although the court has discretion to grant inspection of the files, it must take the interest in secrecy into account.  Usually, it is the practice of the patent courts in Germany to keep such submissions and documents already in a separate, confidential file at the time of the court proceedings.

41.     My experience has been that such requests are exceedingly seldom, and that German civil courts are generally very reluctant to grant third party requests for inspection of court files.  In fact, in my experience as a lawyer, I have come across only one such request, which was denied. On the other hand, party motions for the protection of confidential information are usually granted.

REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 24
692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1     42.    In German invalidity proceedings, it is correct that any party has the right to

2 inspect the files. *See also* Karl Decl., ¶ 12. However, the Application only seeks non-

3 confidential information for use in the German Nullity Actions. While the documents and

4 information responsive to the proposed discovery requests relating to the RIVA TNT Chip and

5 its features would be helpful in the invalidity proceedings concerning the EP '531 Patent, I

6 understand that the RIVA TNT Chip is more than twenty years old. Presumably, it is no longer

7 commercially sensitive.

8     43.    In addition, the parties may apply for an order requiring persons taking part in the

9 discussions at the confidential hearing to keep the discussed information confidential according

10 to Section 174(3) GVG. The court will grant a respective order according to its reasonably

11 exercised discretion. If granted, the obligation of secrecy will bind all parties to the proceedings,

12 their legal counsel, and other participants to the proceedings, such as witnesses or the judicial

13 personnel. It will furthermore contain a penalty clause clarifying that a breach of the obligation

14 of secrecy would constitute a crime under Section 353d of the German criminal code ("StGB"),

15 which may result in imprisonment of up to one year, or a pecuniary penalty.

16

17     I declare under penalty of perjury under the laws of the United States of America and the

18 State of Washington that the foregoing is true and correct.

19

20     Executed this 2nd day of July, 2019, at Düsseldorf, Germany.

21

22

Wolrad Prinz zu Waldeck und Pyrmont

23

24

25 REPLY DECL. OF WOLRAD PRINZ ZU WALDECK
UND PYRMONT IN SUPPORT OF APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS
Case No. 2:19-cv-00966-RAJ - 25
692\3297890.1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224