UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re Ex Parte Application of BROADCOM CORPORATION, a Delaware corporation, and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED, a business entity formed under the laws of Singapore,<br><br>Applicants,<br><br>for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Case No. C19-00966-RAJ<br><br>**ORDER GRANTING APPLICANTS' EX PARTE APPLICATION FOR 28 U.S.C. § 1782 ORDER** |

This matter comes before the Court on Applicants' Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings (Dkt. # 1). After review of the parties' submissions, relevant portions of the record, and applicable case law, the Court **GRANTS** the Application.

## I. BACKGROUND

Applicants Broadcom Corporation ("Broadcom") and Avago Technologies International Sales Pte. Limited ("Avago") (collectively "Applicants") are currently engaged in patent litigation in Germany with Nintendo of Europe GmbH and its supplier, Nvidia (collectively "Defendants") over allegations that the Nintendo Switch infringes several of Applicants' European patents. Dkt. # 1 at 5.

ORDER – 1

In 2018, Applicants sued Defendants in the Mannheim Regional Court in Germany alleging that the Nintendo Switch (through its use of the NVIDIA Tegra X1 chip) infringed four of Applicants' patents: (1) European Patent 1,385,339 ("EP '339"), (2) European Patent 1,177,531 ("EP '531"), European Patent 1,365,385 ("EP '385"), and (4) European Patent 1,260,910 ("EP '910"). Dkt. # 1 at 5. In response, Defendants brought four "nullity" actions in the German Federal Patent Court. *Id.* at 6-7. For the last year, the parties have litigated the various actions in the German Courts. Trial hearings have been held in three of the four infringement actions, with final judgment entered against Applicants in one action. Dkt. # 24 at 11-13. The EP '531 infringement action was stayed on March 29, 2019, pending a final decision in the EP '531 nullity action. Dkt. # 1 at 8. Hearings have not occurred in the nullity actions. Dkt. # 24 at 13.

Applicants now ask the court for leave to obtain discovery from three U.S. based Nintendo entities, Nintendo of America, Nintendo Technology Development, and Nintendo Software Technology (collectively, "Respondents"), all based in Redmond, Washington. Dkt. # 1. Specifically, Applicants seek documents and testimony regarding: (1) the structure, operation, and underlying software of the Nintendo Switch, (2) the features of the NVIDIA Tegra X1 chip, including any features disabled therein, and (3) the features of the RIVA TNT chip, a semiconductor chip that Nvidia previously manufactured which Defendants contend is prior art. Dkt. # 1 at 3-4. Respondents oppose the Application. Dkt. # 14.

## II.  DISCUSSION

### A. <u>Statutory Requirements</u>

Under 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004). The statute may be invoked where: (1) the request is made "by a foreign or international tribunal," or

ORDER – 2

"any interested person," (2) the discovery is "for use in a proceeding in a foreign or international tribunal," and (3) the person from whom discovery is sought resides in the district of the district court ruling on the application for assistance. 28 U.S.C. § 1782(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (internal citations omitted).

Respondents do not challenge that Applicants are "interested person[s]" within the meaning of § 1782 or that Respondents reside in the Western District of Washington. Accordingly, the Court will focus on the remaining statutory requirement – whether the requested discovery is "for use" in a foreign proceeding. The parties do not dispute that there are foreign proceedings pending in Germany and that Applicants seek to use the information obtained through discovery in the United States in those proceedings. Dkt. # 14 at 13; Dkt. # 23 at 3. Instead, Respondents contend the "for use" requirement is not met because Applicants have failed to show how the requests are "relevant, proportional, and narrowly tailored to the needs of the remaining live German proceedings." Dkt. # 14 at 14.

"A party seeking discovery pursuant to § 1782 must show that the discovery sought is relevant to the claims and defenses in the foreign tribunal . . . ." *Rainsy v. Facebook, Inc*., 311 F. Supp. 3d 1101, 1110 (N.D. Cal. 2018) (citing *In re Veiga*, 746 F.Supp.2d 8, 18 (D.D.C. 2010) (internal citation and quotation omitted); *Digital Shape Techs., Inc. v. Glassdoor, Inc*., 2016 WL 5930275, at *3 (N.D. Cal. Oct. 12, 2016) ("The party issuing the subpoena has the burden of demonstrating the relevance of the information sought."). Courts should be "permissive" in interpreting the relevance standard. *Id.* Applicants argue that the subpoenas seek information about the RIVA TNT product (which Nintendo Europe argues is prior art) and the Nintendo Switch and its use of the NVIDIA Tegra X1 chip – both issues directly relevant to the German proceedings. Dkt. # 23 at 4; Dkt. # 24 at ¶ 21. Although Respondents describe the Application as an "ill-disguised fishing expedition" (Dkt. # 14 at 13) the Court finds no basis to conclude the requested discovery is for anything other than the ongoing infringement and nullity

ORDER – 3

proceedings currently before the German courts.

Respondents also argue that the Application fails to show a "practical ability to introduce the materials" requested into the German record. Dkt. # 14 at 16. While requests under § 1782 have been denied where the foreign tribunal expressly states that it does not want or will not accept the information sought, there is no evidence of that here. *Advanced Micro Devices, Inc. v. Intel Corp.*, No. C01-7033, 2004 WL 2282320 *2 (N.D. Cal., Oct. 4, 2004) (denying request for discovery where the European Commission submitted two amicus briefs stating that it did not need and would not consider any of the documents sought). Here, three of the four infringement proceedings are still pending before the Regional Court of Mannheim and Applicants indicate that they intend to appeal the lower court's final decision in the fourth infringement action. Dkt. # 24 at ¶ 21. In addition, the four nullity proceedings are also still pending, with only one hearing scheduled for December 8, 2020. *Id.* at ¶ 22. Accordingly, the Court finds that the basic requirements of § 1782 are met in this case.

### B. **Discretionary "*Intel*" Factors**

Even where the statutory requirements are met, however, a district court still retains discretion to deny a request. *In re Premises Located at 840 140th Ave. NE, Bellevue*, Wash., 634 F.3d 557, 563 (9th Cir. 2011) (internal citations omitted). The Supreme Court has provided four factors for district courts to consider in ruling on § 1782 petitions: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions" or policies of a foreign country, and (4) whether the requests are unduly burdensome or intrusive. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (the "*Intel* factors").

i. Participation in the Foreign Proceedings

ORDER – 4

The Supreme Court cautioned that "when the person from whom discovery is sought is a participant in the foreign proceeding ... the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel,* at 264. This factor generally weighs in favor of granting the Application. Applicants are seeking discovery from three U.S. based entities (none of whom are parties to the German litigation) and the documents requested are outside the jurisdiction of the German court. Dkt. # 23 at 8.

  ii. <u>Receptivity of the Foreign Tribunals to Judicial Assistance</u>

The second *Intel* factor considers the "nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign court to U.S. federal-court judicial assistance." *Intel,* at 264. The receptivity of the foreign court must be examined in light of one of the primary goals of section 1782—to encourage foreign courts to provide similar assistance to U.S. courts. *See In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011).

The parties disagree as to the German courts' receptiveness to new information obtained under these proceedings. Respondents supply a declaration from a German attorney, Christof Karl, to support their argument that German courts will not be welcoming of new evidence because trial hearings have already been held in three of the four infringement proceedings and final judgment was entered in one of the proceedings. Dkt. # 15 at ¶ 9. Applicants' own expert, Wolrad Prinz zu Waldeck und Pyrmont, challenges Respondents' characterization, noting that because parties in Germany are generally not entitled to pre-trial discovery (Dkt. # 23 at 6), it is common for evidence obtained through domestic or foreign proof gathering efforts to be introduced *after* the trial hearing, including on appeal. Dkt. # 23 at 7; Dkt. # 24 at ¶¶ 12-16. In further support of this, Applicants note that Respondents recently submitted new evidence in the

ORDER – 5

EP '531 proceeding. Dkt. # 25 at 3; Dkt. # 25-1 at ¶ 14.[1]

The Court will not make a determination as to which expert correctly describes German legal procedures. *Rainsy,* at 1110 ("*Intel* does not place a requirement on American courts to adjudicate the admissibility of evidence in foreign tribunals."). Based on this record, the Court finds this factor is neutral and does not favor either party.

### iii. Circumvention of Foreign Proof-Gathering Restrictions

The third *Intel* factor asks the Court to consider whether the § 1782 request is an attempt to circumvent foreign proof-gathering restrictions. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004). Here, Respondents argue Applicants have "failed to take even the most basic steps to obtain discovery in Germany" noting that in the fourteen months that the German proceedings have been pending, Applicants have only recently requested a limited amount of targeted discovery. Dkt. # 14 at 17; Dkt. # 15 at ¶ 15. The Court finds this argument unpersuasive.

Section 1782 imposes no requirement that Applicants exhaust all discovery options in Germany before pursuing relief here. *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1098 (2d Cir. 1995) (rejecting "lack of exhaustion" argument); *In re Cathode Ray Tube Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013) ("Courts need not determine that an applicant has exhausted its discovery attempts abroad."). Applicants are seeking information from Nintendo's U.S. based entities, who are not parties to the German proceedings. Dkt. # 23 at 8. While it is possible that Applicants could have requested some of this information in the German courts, they were not obligated to do so. *Euromepa,* at 1098. Accordingly, the fact that Applicants did not request this information from the German courts is not dispositive.

---

[1] Applicants ask the Court to allow them to supplement the record with evidence obtained after the close of briefing. Dkt. # 25. Respondents do not oppose Applicants' motion. Accordingly, the Court finds that Applicants could not have discovered this evidence earlier with reasonable diligence and GRANTS the motion.

ORDER – 6

iv. Intrusiveness of the Requests

Finally, the Supreme Court held that "unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, at 265. Respondents argue that the proposed subpoenas are both intrusive and burdensome, noting that some of Applicants' discovery requests appear to seek information from entities located outside United States[2] while others lack time or subject-matter restraints. Dkt. # 14 at 22-24.

The Court agrees that, on balance, some of the discovery requests appear overly broad. But the Court will not deny the application on that basis alone. *Heraeus Kulzer, GmbH v. Biomet, Inc*., 633 F.3d 591, 597-98 (7th Cir. 2011) ("For all we know, [the requests] are too broad. But if so, it doesn't follow that Heraeus is not entitled to any discovery."); *see also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("Generally, modification of a subpoena is preferable to quashing it outright."). Instead, the parties are directed to meet and confer on the scope of the discovery requests within **fifteen (15)** days of the date of this Order. If the parties cannot reach an agreement, Respondents may seek relief under Fed. R. Civ. P. 45(d).

Respondents also object that the subpoenas seek confidential information that may not be adequately protected in the German proceedings. Dkt. # 14 at 20-24. The Court appreciates Respondents' concerns but is confident that appropriate measures can be taken to protect any confidential information. Accordingly, the parties are also directed to meet and confer to draft a stipulated discovery protective order within **thirty**

---

[2] Many courts have expressed support for the position that § 1782 does not support discovery of materials outside the United States. *In the Matter of the Application of Astronics Advanced Elec. Sy*s., No. C12-0776-JCC, 2012 WL 12874764, at *2 (W.D. Wash. Sept. 19, 2012), *aff'd sub nom. Astronics Advanced Elecs. Sys. Corp. v. Lufthansa Technik AG*, 561 F. App'x 605 (9th Cir. 2014) (citing *Application of Sarrio, S.A.,* 119 F.3d 143, 147 (2d Cir. 1997) ("[T]here is reason to think that Congress intended to reach only evidence located within the United States."); *Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*, 384 F. Supp. 2d 45, 52 (D.D.C. 2005) ("[Section] 1782 is not properly used to seek documents held outside the United States as a general matter."); *In re Microsoft Corp*., 428 F. Supp. 2d 188, 194 n.5 (S.D.N.Y. 2006) ("[Section] 1782 does not authorize discovery of documents held abroad.")).

ORDER – 7

**(30)** days of this Order. If parties are unable to jointly agree on the order, each party must submit a proposed protective order by the same date.

### III. CONCLUSION

For the foregoing reasons, Applicants' application for § 1782 discovery is **GRANTED**. Dkt. # 1.

DATED this 8th day of October, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 8