UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re Ex Parte Application of BROADCOM CORPORATION, a Delaware corporation, and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED, a business entity formed under the laws of Singapore,<br><br>Applicants,<br><br>for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Case No. 2:19-cv-00966-RAJ<br><br>**SUPPLEMENTAL STIPULATION AND PROTECTIVE ORDER REGARDING SOURCE CODE** |

SUPPLEMENTAL STIPULATION AND PROTECTIVE
ORDER REGARDING SOURCE CODE

Case No. 2:19-cv-00966-RAJ

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

The purpose of this order ("Supplemental Order Re Source Code") is to supplement the Stipulated Protective Order entered in the above-captioned matter (Dkt. 28) ("Original Protective Order"), by establishing additional protections and procedures regarding the discovery and disclosure of source code. The goal of this Supplemental Order Re Source Code, like the Original Protective Order, is to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential materials, and ensure that protection is afforded only to material so entitled, and for good cause shown, pursuant to Fed. R. Civ. P. 26(c). For the avoidance of doubt, unless expressly modified herein, all provisions of the Original Protective Order remain in effect, and the rights and obligations thereunder remain available to and binding on the Parties.

**1.      DEFINITIONS**

1.1     <u>Definitions from Original Protective Order</u>: In addition to new terms defined herein, this Supplemental Order Re Source Code uses the defined terms contained in the Original Protective Order, which shall have the same meaning as defined in the Original Protective Order.

1.2     "<u>HIGHLY CONFIDENTIAL – SOURCE CODE</u>" Information or Items: Extremely sensitive Discovery Material representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall be considered Protected Material as that term is used in the Original Protective Order.

SUPPLEMENTAL STIPULATION AND PROTECTIVE
ORDER REGARDING SOURCE CODE - 1
Case No. 2:19-cv-00966-RAJ - 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

## 2. SOURCE CODE

2.1 A Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary, or trade secret source code that meets the definition in Section 1.2.

2.2 Except as otherwise described herein, material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections, procedures, and requirements in the Original Protective Order governing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" items and information, and shall be treated, handled, and used in the same manner.

2.3 Information or items designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Section 6.5 of the Original Protective Order, with the exception that printouts of such material used as exhibits in a deposition shall not be provided to the court reporter or their staff.

2.4 The Patent Prosecution Bar and Development Bar as set forth in Sections 6.8 and 6.9 of the Original Protective Order apply to any person who reviews "HIGHLY CONFIDENTIAL – SOURCE CODE" information. For the avoidance of doubt, the Patent Prosecution Bar and Development Bar apply to any "HIGHLY CONFIDENTIAL – SOURCE CODE" Information, regardless of the age of such information.

2.5 All persons who will review a Producing Party's "HIGHLY CONFIDENTIAL – SOURCE CODE" information on behalf of a Receiving Party, including a Receiving Party's outside Counsel, shall be identified in writing to the Producing Party at least two (2) days in advance of the first time that such person reviews such information. Such identification shall be in addition to any other disclosure required under this Protective Order. All persons viewing such information shall sign on each day they view such information a log that will include the

SUPPLEMENTAL STIPULATION AND PROTECTIVE
ORDER REGARDING SOURCE CODE - 2
Case No. 2:19-cv-00966-RAJ - 2

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

names of persons who enter the locked room to view the information and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon three (3) days' advance notice to the Receiving Party.

2.6 Any source code produced in discovery shall be made available for inspection, in its native format and in its buildable and runtime debuggable form, during normal business hours or at other mutually agreeable times, at the offices of Producing Party's Outside Counsel of record in the above captioned case in Palo Alto, California, or another mutually agreed upon location. The source code shall be made available for inspection on one secured computer (the "Source Code Computer") in a secured room (the "Source Code Review Room") in a configuration deemed secure by the Producing Party, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection. The configuration of the Source Code Computers shall employ customary means to render the code secure, and shall not unreasonably interfere with the ability of the Receiving Party to review the code.

2.7 The Producing Party shall install tools that are sufficient for viewing and searching the source code produced, on the platform produced, including the tools used in the ordinary course of the Producing Party's business. Within three days of entry of this Supplemental Protective Order, Producing Party shall provide to Receiving Party a list of such tools for purposes of determining whether such tools will be sufficient for Receiving Party's use. The Receiving Party's Outside Counsel and/or Experts may request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools, which approval shall not be unreasonably withheld; and (c) such other software tools can be used in a manner consistent with

SUPPLEMENTAL STIPULATION AND PROTECTIVE
ORDER REGARDING SOURCE CODE - 3
Case No. 2:19-cv-00966-RAJ - 3

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

all of the protections herein. Prior to the first inspection of any requested source code, the Receiving Party must provide the Producing Party with a CD or DVD (or via other appropriate means, e.g., flash/thumb drive or file transfer) containing such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. For the purposes of clarity, the Parties agree that the Receiving Party need only provide appropriate software tools to the Producing Party one time and can reasonably expect that the software tools will remain available for use on the inspection computer thereafter without further notice by the Receiving Party. The Producing Party shall make diligent efforts to make the Source Code Computer and Source Code Review Room available for first inspection within ten (10) days of entry of this Stipulated Protective Order.

2.8    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced source code material on the stand-alone computer(s).

2.9    The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. No recordable media or recordable devices, including without limitation sound recorders, computers, tablets, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

2.10   No copies of all or any portion of the source code may leave the Source Code Review Room except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

2.11   The Receiving Party's Outside Counsel and/or Experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer. Each

SUPPLEMENTAL STIPULATION AND PROTECTIVE
ORDER REGARDING SOURCE CODE - 4
Case No. 2:19-cv-00966-RAJ - 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

page of any such notes containing source code information (and any additional notes, analyses, or descriptions relating thereto) must be marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

2.12    Access to and review of the source code shall be strictly for the purposes of investigating the claims and defenses at issue in the Actions.

2.13    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code, and only in a manner that does not enable the Producing Party to access, review, or otherwise learn about any confidential or privileged communications by the Receiving Party and/or it representatives, and that does not unreasonably interfere with the review of source code by Receiving Party's representatives.

2.14    The Receiving Party may request paper copies of a reasonable number of pages of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers, or for deposition or trial, but shall not request paper copies for the sole purpose of merely reviewing the source code in paper form in the first instance, rather than electronically as set forth in Section 2.6.  The Producing Party shall not unreasonably deny any reasonable request by the Receiving Party to produce printed source code.  Upon request, the Producing Party shall provide within four (4) business days all such source code in paper form with production numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  The Producing Party may challenge the amount of source code requested pursuant to the dispute resolution procedure and timeframes set forth in Section 10 of the Original Protective Order whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.  If the Producing Party intends to challenge any request for production of printed source code, the Producing Party must produce the undisputed amount of code, and may challenge the remainder as provided herein.

SUPPLEMENTAL STIPULATION AND PROTECTIVE
ORDER REGARDING SOURCE CODE - 5
Case No. 2:19-cv-00966-RAJ - 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

2.15    The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  Receiving Party's outside counsel may make no more than five (5) paper copies of any page containing source code, not including copies attached to Court filings or to be used at depositions, provided the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format (unless otherwise permitted in connection with a filing in the Actions pursuant to the procedures set forth in Section 2.17).  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers for the Actions, including a testifying expert's expert report, (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

2.16    Images or copies of source code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of source code as part of a filing in the Actions, then the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the source code and such source code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate, which agreement shall not be unreasonably withheld.

2.17    The Parties reserve the right to seek to modify this order for good cause shown.

SUPPLEMENTAL STIPULATION AND PROTECTIVE
ORDER REGARDING SOURCE CODE - 6
Case No. 2:19-cv-00966-RAJ - 6

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

**IT IS SO STIPULATED.**

DATED: November 15, 2019    CALFO EAKES & OSTROVSKY PLLC

By: */s/Damon Clay Elder*
    Damon Clay Elder (WSBA #46754)
    damone@calfoeakes.com
    1301 Second Avenue, Suite 2800
    Seattle, WA 98101-3808
    Tel.: (206) 407-2200
    Fax: (206) 407-2224

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jason S. Angell*
    Jason S. Angell (Bar No. 221607)
    jangell@hopkinscarley.com
    70 South First Street
    San Jose, CA 95113
    Telephone: (408) 286-9800
    Facsimile: (408) 998-4790

Attorneys for BROADCOM CORP. and AVAGO TECHS. INT'L SALES PTE. LTD.

DATED: November 15, 2019    COOLEY, LLP

By: */s/ Matt Brigham*
    Matt Brigham (Bar No. 191428)
    mbrigham@cooley.com
    3175 Hanover Street
    Palo Alto, CA 94304-1130
    Telephone: (650) 843-5677
    Facsimile: (650) 849-7400

SUPPLEMENTAL STIPULATION AND PROTECTIVE
ORDER REGARDING SOURCE CODE - 7
Case No. 2:19-cv-00966-RAJ - 7

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

|   |   |
|---|---|
| 1 | By: */s/ Christopher B. Durbin* |
| 2 | Christopher B. Durbin, (Bar No. #41159) |
|   | cdurbin@cooley.com |
| 3 | 1700 Seventh Avenue, Suite 1900 |
|   | Seattle, WA 98101 |
| 4 | Telephone: (206) 452-8700 |
|   | Facsimile: (206) 452-8800 |

Attorneys for NINTENDO OF AMERICA, INC., NINTENDO TECHNOLOGY DEVELOPMENT, INC., and NINTENDO SOFTWARE TECHNOLOGY CORPORATION

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED this 15th day of November, 2019.

*/s/ Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

SUPPLEMENTAL STIPULATION AND PROTECTIVE
ORDER REGARDING SOURCE CODE - 8
Case No. 2:19-cv-00966-RAJ - 8

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224